**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GERRY G. THAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-425-TCK-PJC |
| | ) |
| EVANSTON INSURANCE COMPANY, | ) |
| | ) |
| Defendant/Garnishee. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Remand (Doc. 16).

**I.     Background**

    **A.     Tulsa County Action**

The following facts alleged in the petition are taken as true for the purpose of the Motion to Remand filed by Plaintiff Gerry G. Thames ("Plaintiff"). Plaintiff brought the underlying action in the District Court for Tulsa County, State of Oklahoma, on June 30, 2011, in the case styled *Thames v. Brookside Title & Escrow, Inc., et al.*, Case No. CJ-2011-3624 ("Tulsa County Action"). In the Tulsa County Action, Plaintiff sued defendants Brookside Title and Escrow, Inc. ("Brookside") and Debbie Stockton ("Stockton"), among others, for an alleged intentional misappropriation of funds paid by Plaintiff in connection with a real estate closing. Plaintiff alleged claims for breach of contract, civil conspiracy, breach of fiduciary duty, conversion, and fraud. (Doc. 3 ¶¶ 1, 6.)

Plaintiff ultimately obtained a judgment against Brookside and Stockton in the Tulsa County Action in the amount of $120,000. (Doc. 3-3.) During the time relevant to the Tulsa County Action, Brookside held a professional negligence insurance policy issued by Defendant/Garnishee Evanston Insurance Company ("Evanston" or "Garnishee"). However, Evanston was never a party in the

Tulsa County Action and did not receive notice of the Tulsa County Action from Brookside, its insured.

### B.      Garnishment Proceeding

After obtaining judgment against Brookside and Stockton, Plaintiff filed a Garnishment Affidavit in the Tulsa County Action on May 24, 2013, instituting a garnishment proceeding against Evanston ("Garnishment Proceeding").  Evanston filed an Answer to the Garnishment Affidavit on June 10, 2013, alleging that the policy at issue did not provide coverage for the claims within the Judgment and indicating that Evanston did not possess or control any property that could satisfy Plaintiff's judgment.  On June 19, 2013, Plaintiff filed an Application for Hearing to Determine Insurance Coverage.  Evanston filed its Notice of Removal with this Court on July 15, 2013. (Doc. 3.)[1]  Evanston alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the basis for removal.

## II.     Plaintiff's Motion to Remand

Plaintiff asserts two bases upon which the Court should remand the Garnishment Proceedings to the Tulsa County Action: (1) that removal was improper because the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a); and (2) that Evanston failed to file the notice of removal within thirty days as required by 28 U.S.C.  § 1446(b).

### A.      Standard of Review

Federal courts are courts of limited jurisdiction, and, as the party seeking to invoke federal jurisdiction, Plaintiff bears the burden of proving the exercise of such jurisdiction is proper. *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003).  Diversity jurisdiction requires the party to show that there is both complete diversity and a sufficient amount in

---

[1] Following removal of the Garnishment Proceedings, the Tulsa County Action has continued as to defendants other than Brookside and Stockton.

controversy.  28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity exists where the parties are citizens of different states.  28 U.S.C. § 1332(a)(1).  The amount in controversy must exceed $75,000.  *Id.* § 1332(a).  "The amount in controversy is ordinarily determined by allegations of the [petition], or, where they are not dispositive, by the allegations in the notice of removal."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Because Plaintiff already obtained a judgment against Brookside and Stockton in the amount of $120,000, the parties do not dispute that the amount in controversy exceeds $75,000.

**B.     Removability of Garnishment Actions Under 28 U.S.C. § 1441(a)**

Plaintiff does not explicitly argue that 28 U.S.C. § 1441(a) precludes the removal of a garnishment action to federal court, but Evanston addresses such an argument in its response. Accordingly, the Court will address this issue.  Section 1441(a) determines the removability of actions and provides:

> Except as otherwise expressly prohibited by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(a) only applies if the garnishment proceeding is a distinct civil action.  *Smotherman v. Caswell*, 755 F. Supp. 346, 348 (D. Kan. 1990) (quoting *Adriaenssens v. All-State Ins. Co.*, 258 F.2d 888, 890 (10th Cir. 1958)).  If a garnishment proceeding is merely an ancillary proceeding, it may not be removed to federal court.  *Id.*  Courts are divided as to whether the nature of garnishment proceedings should be determined by state law or federal law.  *Id.*

The Court concludes that a garnishment action is a distinct civil action under both federal and Oklahoma law.  *See Smotherman*, 755 F. Supp. at 348 (applying federal law and finding a garnishment proceeding to be a distinct civil action because it is separate and distinct from the

underlying action and "involves a new party litigating the question of a new liability."); *Spriggs v. Wolf*, 496 F. Supp. 990, 991 (W.D. Okla. 1979) (applying Oklahoma law) ("Under Oklahoma law a garnishment proceeding is an action separate from the action seeking to establish liability, and a trial on the merits is contemplated.  Thus, it has been held that garnishment proceedings commenced in an Oklahoma state district court may be removed to federal district court if the requirements for federal jurisdiction have been met.").  Accordingly, a garnishment proceeding initiated in Oklahoma state court may be removed to federal court pursuant to 28 U.S.C. § 1441(a) where the requirements of diversity jurisdiction are otherwise satisfied.

    **C.**  **Diversity of the Parties Under 28 U.S.C. § 1332(c)**

  Plaintiff claims removal is not proper because the parties are not diverse.  As support for his argument, Plaintiff relies on (1) an Oklahoma statute, (2) the "direct action" exception, and (3) the citizenship of an allegedly "necessary" party.  First, Plaintiff contends that title 36, section 404 of the Oklahoma Statutes deems Evanston to be a citizen of Oklahoma for purposes of diversity jurisdiction.  (Doc. 16 at 3-4.)  Section 404 itemizes activities which are "defined to be doing the business of insurance" in the State of Oklahoma.  Although his argument is difficult to follow, Plaintiff appears to argue that because Brookside, as a "title insurance agent," was "regulated and licensed under the Insurance Commissioner of the State of Oklahoma," Evanston, as Brookside's insurer, was "deemed to do business in Oklahoma." (Doc. 16 at 3-4.)  But Plaintiff's reliance on an Oklahoma statute is misplaced.  Federal law determines the citizenship of a corporation for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).  A corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. *Id.*  Evanston is incorporated in Illinois and has its principal place of business in Illinois.

4

Therefore, Evanston is a citizen of Illinois for purposes of determining whether diversity of citizenship exists.

Second, Plaintiff contends that the "direct action" exception in Section 1332(c)(1) operates to destroy diversity. This exception provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." *Id.* "Direct action," as used in Section 1332(c)(1), "refers to a case 'in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.'" *Hipke v. Kilcoin*, 279 F. Supp. 2d 1089, 1092 (D. Neb. 2003) (quoting *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982)) (finding that a garnishment proceeding in federal court was not a direct action for purposes of Section 1332(c)(1) where plaintiff had already obtained a judgment on the tort claims in state court). "Where a tort action has already been litigated against the insured, the insurer is no longer litigating the issue of its insured's liability but is instead 'litigating the existence of a new liability' . . . ." *Id.* (quoting *Butler v. Polk*, 592 F.2d 1293, 1295-96 (5th Cir. 1979)). The determination of Evanston's liability under any contact of insurance it had with Brookside is a separate and distinct issue from those litigated in the Tulsa County Action. Moreover, Oklahoma law does not authorize direct actions against insurers. *Weekley v. Bennett Motor Express, LLC*, 858 F. Supp. 2d 1257, 1259 (N.D. Okla. 2012) ("Absent a statutory directive, a plaintiff does not have a right 'to bring a direct action against the insurer of an alleged tortfeasor.'") (quoting *Daigle v. Hamilton*, 782 P.2d 1379, 1383 (Okla. 1989)). Therefore, the present action is not a "direct action" within the meaning of Section 1332(c)(1), but, instead, is a separate, independent action whereby

Plaintiff seeks to enforce the judgment he obtained in the Tulsa County Action. The exception in Section 1332(c)(1) does not apply, and complete diversity exists between the parties.

Finally, Plaintiff claims that Brookside, Evanston's insured, is a necessary party to this proceeding and that Brookside's joinder would necessarily destroy diversity. However, even if Brookside were joined as a party, such joinder would not destroy diversity. "In garnishment actions, where a garnishee has denied liability to the judgment debtor, the judgment creditor's and judgment debtor's interests are aligned on the same side for purposes of determining diversity of citizenship." *Smotherman*, 755 F. Supp. at 348. Therefore, Plaintiff and Brookside, as the judgment creditor and judgment debtor, would be aligned on one side, with Evanston, as the garnishee, on the opposing side for purposes of determining diversity jurisdiction.[2]

### D.  Timeliness of Removal

Finally, Plaintiff contends Evanston failed to file the notice of removal within thirty days as required by 28 U.S.C. § 1446(b).[3] Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

---

[2] If any party desires to file a motion to join Brookside, such motion shall be filed in accordance with any scheduling order entered by the Court.

[3] In his reply, Plaintiff concedes that Evanston's removal was timely. (Doc. 24 at 7.) However, no action by the parties can confer subject-matter jurisdiction. *Gosa v. Mayden*, 413 U.S. 665, 707 (1973) ("One of the most basic principles of our jurisprudence is that subject-matter jurisdiction cannot be conferred upon a court by consent of the parties.") Therefore, the parties' agreement that Evanston's removal was timely is irrelevant, and the Court must make such a determination itself.

Plaintiff apparently argues that Section 1446(b)'s thirty-day period was triggered by the filing of Evanston's answer on June 10, 2013, although Plaintiff fails to offer any rationale for choosing this particular event and date. Evanston contends the thirty-day period did not begin until Plaintiff filed his Application for Hearing to Determine Insurance Coverage on June 19, 2013. Evanston argues that the dispute did not become a civil action under Oklahoma's statutory scheme until this date.

Under Oklahoma law, a garnishment proceeding begins when a judgment creditor files a garnishment affidavit. 12 Okla. Stat. § 1172. The garnishee then files an answer to the judgment debtor's affidavit, indicating whether the garnishee has any property belonging to the judgment debtor that might be subject to garnishment. *Id.* § 1173.3.

> The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated . . . *unless* the judgment creditor shall . . . serve upon the garnishee or garnishee's attorney of record . . . a notice in writing that the judgment creditor elects to take issue with the garnishee's answer; *in which case, the issue shall stand for trial as a civil action in which the affidavit on the part of the judgment creditor shall be deemed the petition and the garnishee's answer the answer thereto.*

*Id.* § 1177 (emphasis added). Evanston relies on Section 1177 to argue that "only when the judgment creditor submits notice under Section 1177, taking issue with the garnishee's answer, that the dispute becomes one 'for trial as a civil action' and the parties' filings are construed as pleadings." (Doc. 21 at 13-14.)

The Court finds that the thirty-day period for removal under 28 U.S.C. § 1446(b) began when Plaintiff filed his Application for Hearing to Determine Insurance Coverage on June 19, 2013. The Tenth Circuit requires "clear and unequivocal notice" that an action or proceeding is removable before the thirty-day clock begins to run. *Sallee v. L.B. White Trucking, Inc.*, No. 11-CV-212-TCK-PJC, 2011 WL 4005985, at *2 (N.D. Okla. Sept. 8, 2011) ("A defendant does not have any 'duty to investigate and determine removability where the initial pleading indicates that the right to remove

*may* exist.'") (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)) (emphasis added). Section 1177 creates an ambiguity as to whether an action or proceeding will even exist after the garnishee files an answer to the garnishment affidavit. It serves neither the parties nor Oklahoma federal district courts for garnishment proceedings to be removed before the judgment debtor has elected to take issue with the garnishee's answer. Beginning the removal clock at the time the garnishment affidavit is served could force a garnishee to remove the proceeding before the judgment creditor has made such an election, essentially removing a case that could cease to exist if the judgment creditor chooses not to make such an election. Evanston received clear and unequivocal notice of the removability of this action once Plaintiff filed his Application for Hearing to Determine Insurance Coverage on June 19, 2013 and timely removed this action on July 15, 2013.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 16) is DENIED.

**SO ORDERED** this 13th day of March, 2014.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**