IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERRY G. THAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   13-CV-425-PJC |
| | ) |
| EVANSTON INSURANCE CO., | ) |
| | ) |
| Garnishee. | ) |

OPINION AND ORDER

Before the Court for consideration is the Motion for Summary Judgment filed by Evanston Insurance Company ("Evanston"). [Dkt. No. 33]. The Court has also considered the Response of Plaintiff Gerry G. Thames ("Thames") (Dkt. No. 35), Evanston's reply in support of its motion (Dkt No. 38), as well as Thames' sur-reply (Dkt. No. 44). The Motion for Summary Judgment is hereby **DENIED**.

I.   **Background**

Evanston issued a professional negligence insurance policy to non-party Brookside Title and Escrow, Inc. ("Brookside").[1] [Dkt. No. 3-4]. Thames obtained a $120,000 judgment against Brookside and its owner/president, Debbie J. Stockton ("Stockton") in the District Court of Tulsa County, Case No. CJ-2011-

---

[1] There were three "Brookside" corporations named and represented in the previous underlying action: Brookside Title & Escrow, Inc., Brookside Title & Trust, Inc., and Brookside Title & Escrow, Ltd. [Dkt. No. 35-1, Ex. 8]. The relationship of these entities is not relevant for purposes of the current matter before the Court, as judgement was entered jointly and severally against all defendants.

3624, on February 20, 2013 (Dkt. No. 35-1, Ex. 8), for services provided in connection with a real estate closing.

After obtaining judgment against Brookside and Stockton, Thames initiated garnishment proceedings against Evanston, which has now been removed to this Court. Evanston argues that Thames' claims are not covered by the insurance policy and that it is therefore entitled to summary judgment. In support of this argument, Thames asserts that coverage was precluded by the insured's failure to notify it of the underlying lawsuit, as required by the policy. [Dkt Nos. 33, pp. 6-8 and 38, pp. 5-10]. Evanston also asserts that Thames is collaterally estopped from arguing that the actions are covered by the negligence policy because of a bankruptcy court's finding that Stockton's debt was not dischargeable in bankruptcy due to her breach of fiduciary duty and misappropriation and conversion of funds. [Dkt. Nos. 33, pp. 5-6; 33-4; and 33-5].

## II. Applicable Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Kendall v. Watkins*, 998 F.2d 848, 850 (10th Cir. 1993).

The plain language of Rule 56(c) mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 250. In its review, the Court construes the record in the light most favorable to the party

opposing summary judgment. *Garratt v. Walker,* 164 F.3d 1249, 1251 (10th Cir.1998). *Taylor v. City of Bixby.,* 2012 WL 6115051, *3 (N.D.Okla. Dec. 10, 2012).

III. **Discussion**

    A. **Notice**

Evanston argues that it had no notice of the lawsuit against Brookside and Stockton until after judgment had been entered against its insured in 2013. [Dkt. Nos. 33–2; 38, p. 5]. However, Thames has presented evidence that Evanston was notified on June 3, 2011 ("2011 notification") of another action which sought an injunction or temporary restraining order and involved the same parties, the same underlying set of facts and course of conduct. [Dkt No. 35-1, Ex. 2]. Evanston does not dispute that it received notice of this action and even acknowledges that it issued a letter denying coverage on July 18, 2011. [Dkt. No. 38, p. 5]. Instead, Evanston makes a distinction that the insured was also required to give specific notice of the separate "lawsuit," which was filed before the denial letter was issued. [*Id.*].

The policy at issue required Brookside to report to Evanston any "claim" made against it, defining claim as:

the Insured's receipt of:

1. a written demand for money damages or remedial Professional Services involving this policy; or

4

    2. the service of suit or institution of arbitration proceedings against the Insured;. . .

[Dkt. No. 3-4, p. 10]. Evanston had notice that Thames was seeking a court order returning or otherwise disposing of $94,905.68 in funds he had paid to Brookside in connection with a real estate closing. [Dkt No. 35-1, Ex. 2].

    The Court concludes that sufficient factual disputes exist to preclude summary judgment as to whether or not Evanston received notice, as required by the policy, of the claims against its insured, Brookside.

    B.    **Stockton's Bankruptcy**

    Stockton and her husband filed for individual Chapter 7 bankruptcy in July 2012 ("the Stockton bankruptcy"). [Dkt. No. 33-3]. There is no evidence, and there has been no argument presented that Brookside filed for bankruptcy. In the Stockton bankruptcy, Thames filed a motion seeking determination that the debt owed him was not dischargeable in Stockton's bankruptcy due to misappropriation of funds or fraud within the meaning of 11 U.S.C. § 523(a)(4). [Dkt. No. 33-4]. The Bankruptcy Court entered default judgment on this basis after Stockton failed to answer. [Dkt. 33-5]. Evanston argues that because Thames previously asserted that Stockton's actions constituted intentional fraud, he should be estopped from seeking coverage under the policy, which covers only negligent wrongful acts.

    As a general rule, default judgments should not be granted preclusive

effect. *In re Jordana*, 216 F.3d 1087 *1 (10th Cir. 2000) (unpublished). Instead, "collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979) (citation omitted). The burden is "upon the party asserting the [collateral estoppel] defense to prove that the issues were actually litigated and determined in the former action. *Strong v. Laubach*, 153 Fed.Appx. 481, 486 *(quoting Happy Elevator No. 2 v. Osage Constr. Co.*, 209 F.2d 459, 462 (10 Cir. 1954)) (unpublished).

In the Stockton bankruptcy, the issue of whether Stockton committed fraud was never actually litigated, instead it was determined on a default basis, based solely on Stockton's failure to answer. This is insufficient to find as a matter of law that Thames is estopped from arguing the claim is not covered by the applicable policy.

## IV. Conclusion

The arguments presented by each of the parties' summary judgment submissions present genuine disputes of material fact, which render summary judgment inappropriate on the record before this Court.

IT IS THEREFORE ORDERED that Evanston's Motion for Summary Judgment (Dkt. No. 33) is hereby **DENIED**.

IT IS FURTHER ORDERED that this case is set for a **status conference on August 14, 2014 at 10:00 a.m.**

Dated this 6th day of August, 2014.

Paul J. Cleary
United States Magistrate Judge