# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERRY G. THAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-425-PJC |
| | ) |
| EVANSTON INSURANCE CO., | ) |
| | ) |
| Garnishee. | ) |

## OPINION AND ORDER

Before the Court for consideration is the Motion to Exclude Expert Report and Testimony filed by Evanston Insurance Company ("Evanston"). [Dkt. No. 62]. The Court has also considered the Response of Plaintiff Gerry G. Thames ("Thames") (Dkt. No. 63), and Evanston's Reply in support of its motion (Dkt No. 69). The Motion to Exclude Expert Report and Testimony is hereby **GRANTED**.

**I.      Background**

This is a garnishment action brought by Thames for a confessed judgment Thames obtained against non-party Brookside Title & Escrow ("Brookside"). At the time, Brookside had a professional liability policy issued through Evanston; thus, Thames sought to determine whether Evanston's policy covered his claims against Brookside. This case is set for bench trial on June 1, 2015 to determine whether the Evanston policy provided coverage for the confessed judgment Thames already obtained against Brookside.

Evanston filed its Motion to exclude the expert report and proposed testimony of Thames' expert, Pansy Moore-Shrier, arguing that she lacks the specialized experience necessary to provide an expert opinion as to coverage in this case, that her report and opinions are inadmissible because they are not reliable, and that her opinions are nothing more than legal

argument, conclusions of law, and would not assist the Court. [Dkt. No. 62]. Thames agrees that the sole matter to be determined by the Court is coverage of Thames' claims against Brookside. [Dkt. No. 63]. However, Thames counters that Ms. Moor-Shrier's report and opinions are relevant and admissible and because the case will be tried to the Court and not a jury, there is no risk of confusion of the relevant facts and application of law, and thus more leeway should be allowed under Fed. Rule Evid. Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). [*Id*.].

## II. Applicable Legal Standard

Rules 702 and 703 of the Federal Rules of Evidence provide the starting point for analyzing Ms. Moore-Shrier's report and proposed testimony. Rule 702 concerns the qualifications and methodology of an expert; Rule 703 focuses on the underlying data supporting the expert's proposed opinions. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 codifies *Daubert* and provides the standard for admissibility of expert opinion testimony. The court ordinarily acts as a gatekeeper in determining whether expert opinion testimony will be admitted. In this role, the court must determine whether the provisions of Rule

2

702(a)-(d) have been satisfied. *Freeman Family Ranch, LTD. v. Maupin Truck Sales, Inc.*, 2010 WL 908665, at *2 (W.D.Okla. March 9, 2010). Thus, when faced with a proffer of scientific, technical or other specialized knowledge:

> [T]he trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.

*Daubert*, 509 U.S. at 592-593 (footnote omitted).

> Rule 703 provides:
>
> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

When set for bench trial, the Court has more leeway in its gatekeeper role, but it still must consider whether expert evidence or testimony is admissible. *Cyprus Amax Minerals Co. v. TCI Pacific Communications*, 2014 WL 693328 * 2 (N.D. Okla. Feb. 21, 2014) (citations omitted). The Court retains broad discretion to exclude expert testimony from a bench trial, particularly if it would not be helpful to the Court in its role as fact finder. *Id.* (*citing U.S. v. Kalymon*, 541 F.3d 624, 636 (6th Cir. 2008)).

**III.    Discussion**

The Court need not decide whether Ms. Moore-Shrier has the expertise required to provide an opinion as to coverage or claims handling in this case nor whether her opinions are

3

reliable. The Court agrees with Evanston that Ms. Moore-Shrier's opinions and proposed testimony will not be helpful to the Court and should be excluded.

Ms. Moore-Shrier's report contains two opinions: 1) the policy at issue provides coverage for Thames' damages, and 2) Evanston had adequate notice of the claim and failed to conduct a reasonable investigation. Ms. Moore-Shrier's second opinion is ultimately encompassed in her first opinion, that coverage exists and Evanston should therefore be liable. However, the issue of coverage is precisely the legal determination that is before this Court. This case was removed to this jurisdiction based on a motion Thames filed in state court to determine insurance coverage. [Dkt. No. 3-1]. Both parties agree that policy coverage is the ultimate and sole issue to be resolved by this Court. [*E.g.* Dkt. No. 62, p. 1; Dkt. No. 63, pp. 1, 4-5, 15].

Testimony on ultimate questions of law is strongly disfavored and expert testimony should not encroach upon the court's authority to make legal determinations. *Specht v. Jensen*, 853 F.2d 805, 807-08 (10th Cir. 1988). In a bench trial, such expert testimony *could* be admissible if it assisted the Court with a factual issue, but would be properly excluded if the same legal arguments could be made by counsel. *Cyprus*, 2014 WL 693228 at *9 (citations omitted). The issues and facts in this case are not complex, as admitted by Thames himself. [Dkt. No. 63 p. 5 ("present case matters are simple and [the evidence] is not voluminous or extraordinarily scientific," and p. 11 (the case is based on "contractual interpretation and simplistic facts")]. This Court is fully capable of determining an issue of simple policy coverage without an expert opinion. Expert testimony that would mirror counsel's arguments during the trial would not be helpful to the Court, would be duplicative, and would encroach on the Court's role. *See Bright v. Ohio Nat. Life Assur. Corp.*, 2013 WL 121479 *2 (N.D. Okla. Jan. 9, 2013)

(fact-finder "does not need an expert to read the language of the policy"), *id.* at *4 (it is the court's role to decide controlling law and improper for expert to dictate "what result to reach") (*quoting Specht*, 853 F.2d at 807).

## IV. Conclusion

This Court will decide all issues of law and fact and finds that Ms. Moore-Shrier's report and opinions would not be of assistance. The opinions contain conclusory legal argument and conclusions and will not help this Court determine any facts in issue.

IT IS THEREFORE ORDERED that Evanston's Motion to Exclude Expert Report and Testimony (Dkt. No. 62) is hereby **GRANTED**.

DATED this 26th day of May, 2015.

_____
Paul J. Cleary
United States Magistrate Judge