# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GERRY G. THAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-425-PJC |
| ) | |
| EVANSTON INSURANCE CO., ) | |
| ) | |
| Garnishee. ) | |

## OPINION AND ORDER

Before the Court for consideration is the Motion in Limine filed by Evanston Insurance Company ("Evanston"). [Dkt. No. 70]. The Court has also considered the Objection of Plaintiff Gerry G. Thames ("Thames") (Dkt. No. 75), and Evanston's Reply in support of its motion (Dkt No. 80). The Motion in Limine is **GRANTED** as set forth herein.

**I.    Background**

Thames brought this garnishment action against Evanston to recover damages awarded to Thames in an underlying lawsuit, *Thames v. Brookside Title & Escrow, Inc., et al.*, Case No. CJ-2011-3624. [Dkt. No. 3-1]. Those damages stemmed from the actions of Brookside Title & Escrow, Inc. ("Brookside"), which was insured by Evanston. Thames was awarded a confessed judgement of $120,000.00 against Brookside in the underlying lawsuit. Evanston's Motion sought to exclude 1) evidence concerning any damages besides the confessed judgment and 2) testimony, exhibits, or other evidence purporting to interpret and give meaning to the terms of the insurance policy at issue. Thames only objected and provided argument concerning the first part of Evanston's motion. The Court has reviewed Evanston's argument concerning the admission of extrinsic evidence and deems that confessed.

## II. Applicable Legal Standard

A post-judgment garnishment proceeding "is a special and extraordinary remedy given only by statute," which allows a judgment creditor to secure payment of a judgment through enforcing a liability owed to the judgment debtor by a third party. *Johnson v. Farmers Alliance Mut. Ins. Co.*, 499 P.2d 1387, 1390 (Okla. 1972) (citation omitted). In garnishment proceedings "[t]he court shall render such judgment in all cases as shall be just to all of the parties and shall properly protect their respective interests . . . ." Okla. Stat. tit. 12 § 1182. Ordinarily, "[i]n a garnishment proceeding, there is a presumption in favor of the trial court's finding." *Spears v. Preble*, 661 P.2d 1337, 1342 (Okla. 1983).

In a garnishment proceeding, the judgment creditor stands in the shoes of the judgment debtor to enforce a liability owed to the latter by a third party - the garnishee. The former may claim no greater rights against the garnishee than the latter himself possesses. A debt subject to garnishment must be owed absolutely at the time the summons is served upon the garnishee. *Culie v. Arnett*, 765 P.2d 1203, 1205 (Okla. 1988).

An insurer's liability to its insured can be neither created nor enlarged in a garnishment proceeding. Post-judgment garnishment is available to enforce a judgment debtor's right against a third party. *Id*. at 1206. Garnishment proceedings are indeed ancillary proceedings in the sense that they are in aid of a judgment previously obtained. *Joe v. Marcum*, 621 F.2d 358, 362-363 (10th Cir. 1980); *accord Fulkerson v. Laird*, 421 S.W.2d 523, 526 (Mo. App. 1967) (*quoting Harrison v. Harrison*, 339 S.W.2d 509, 517 (Mo. App. 1960)). ("Garnishment is in aid of an execution and is merely 'an ancillary remedy to obtain payment of the judgment.'").

2

**III.	Discussion**

The damages at issue in the present garnishment proceeding cannot go as far as to include any additional damages claimed by Thames. The only issue at hand and to be decided by the Court is whether garnishee Evanston, a third-party to the original action, is liable to its insured, Brookside, under its professional negligence insurance policy. Under the Federal Rules of Evidence 401 and 403, any evidence of additional damages allegedly suffered by Thames may be excluded as it would be irrelevant to determining the liability of Evanston to Thames for the $120,000.00 judgement that is the subject of this garnishment action.

In the present case, Thames is attempting to bring evidence of additional damages into this garnishment proceeding; damages which he allegedly suffered as a result of the actions of Evanston's insured, Brookside, and by Evanston itself. However, Thames' ability to recover from the garnishee, Evanston, is limited to the amount of the confessed judgement accepted by Thames. *Sisk v. Gaines*, 144 P.3d 204, 207 (Okla. Civ. App. 2006). Thames has already obtained a confessed judgement of $120,000.00 against Brookside, and any additional damages beyond that amount are irrelevant to the current garnishment proceeding.

Allowing these damages to be entered into evidence would enlarge the insurer's liability to the insured, which is beyond the scope of a garnishment proceeding. This garnishment proceeding is merely in aid of the judgement previously awarded to Thames and the only issue to be answered is whether Evanston is liable to Brookside for the judgement which was entered against it. The debt subject to garnishment here can only be $120,000.00, as that was the only amount owed absolutely at the time the garnishment proceedings were initiated by Thames, and

thus any evidence of additional damages should be excluded, consistent with Evanston's motion in limine.

IT IS THEREFORE ORDERED that Evanston's Motion in Limine (Dkt. No. 70) is hereby **GRANTED**.

DATED this 26th day of May, 2015.

Paul J. Cleary
United States Magistrate Judge